UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL RECH, et al.,

                                Plaintiff,

        v.

JENNIFER SZCZUBLEWSKI, et al.,

                                Defendants.
_____

REPORT & RECOMMENDATION

23-CV-6135CJS

## PRELIMINARY STATEMENT

On February 27, 2023, *pro se* plaintiff Michael Rech commenced the pending action against various defendants. (Docket # 1). On that same date, Rech filed a motion for leave to proceed *in forma pauperis* ("IFP"). (Docket # 2). By text order of the Hon. Charles J. Siragusa, United States District Judge, dated May 30, 2023, the pending motion has been referred to the undersigned for determination and/or report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), (B), and (C). (Docket # 7).

In support of his IFP motion, Rech submitted a supporting affirmation executed under penalty of perjury on February 20, 2023. (Docket # 2). In that affirmation, Rech represented that he was not currently employed and had no income, cash, or any funds held in checking or savings accounts. (*Id.*). He also affirmed that he had received no money, including money from friends, relatives, or any other source, during the preceding twelve months (*Id.*). According to Rech, who was incarcerated at the time of his application, he had approximately $50.00 in his inmate account. (*Id.*). Rech also suggested that he was responsible for providing child support but was behind on those payments. (*Id.*).

Rech is a defendant in a criminal matter currently pending in the Western District of New York. In that case, *United States v. Rech*, 21-CR-6080, the government represented that on February 22, 2022, it had returned $91,740.38 to Rech from funds it had seized, based upon Rech's sworn verification that at least $125,000 of the seized funds consisted of cash that he had received either from his employment or from his mother.[1] (21-CR-6080CJS, Docket ## 121; 121-1 at ¶¶12-13). According to a written submission by the government, at the direction of Rech's then-assigned counsel, it deposited the $91,740.38 into a Canandaigua National Bank account in the name of Guardian of Humanity Incorporated ("Guardian"). (21-CR-6080CJS, Docket # 121). The government attached to its submission email communications with Rech's prior attorney,[2] who indicated that he had spoken with Rech and confirmed that Rech wanted the funds deposited into Guardian's bank account. (21-CR-6080CJS, Docket # 121-2).

The returned funds of nearly $92,000 were the subject of several proceedings before the district court in Rech's criminal matter. During proceedings on November 22, 2022, the funds were discussed with Rech, who indicated – contrary to his attorney's representation – that he had not been aware that the funds had been returned. (21-CR-6080CJS, Docket # 146 at 3; *see also* 21-CR-6080CJS, Docket # 149 at 31). At that time, Judge Siragusa raised the issue of whether the return of the funds disqualified Rech from entitlement to assigned counsel as an indigent defendant. Further discussion concerning the funds occurred during proceedings on

---

[1] According to the government, it seized $285,345 in cash during the execution of a search warrant for Rech's residence and $83,895.38 from a checking account associated with Eclipse Advisors, for a total of $369,240.38. (21-CR-6080CJS Docket # 121). However, because the sum of the PPP loans that the government maintained Rech had illegally obtained was $277,500, it determined that the $91,740.38 should be returned to Rech. (*Id.*).

[2] At the time of the email communications, Rech was represented in his criminal case by Peter Pullano, Esq. On December 5, 2022, Mr. Pullano was relieved as counsel by Judge Siragusa. (*See* 21-CR-6080, Docket # 123).

December 5, 2022, at which time Judge Siragusa directed the government to subpoena records from the Guardian account. (21-CR-6080CJS, Docket # 149 at 9-10, 17-19, 35).

During proceedings on December 13, 2022, Judge Siragusa reported that he had reviewed the subpoenaed records, which demonstrated that the funds were transferred into the Guardian account on February 22, 2022, and remained in the account. (21-CR-6080CJS, Docket # 124). Judge Siragusa advised Rech that he could use the funds to retain his own attorney or, alternatively, he could accept assignment of new counsel (since Rech's previous assigned counsel had been relieved) with the understanding that the fees paid to appointed counsel would be subject to recoupment from the funds in the Guardian account, pursuant to the Court's local rules.

Rech expressed reservations about using funds in the Guardian account, indicating that he did not want to be accused of using Guardian's money for his own personal legal expenses. To address those concerns, Judge Siragusa suggested that the parties submit a proposed order to the Court regarding the funds, which would indicate that the funds, although they had been deposited into the Guardian account at the direction of Rech's prior counsel, had been returned because the government determined that they belonged to Rech personally. (21-CR-6080CJS, Docket ## 151, 152 at 3-4, 156 at 5-6). The docket does not reflect that a proposed order was ever submitted to the district court, perhaps due to a subsequent change of counsel. (*See* 21-CR-6080CJS, Docket ## 155, 158, 164, 165, 166).

Rech recently retained his own attorney to represent him in the criminal matter, who entered a notice of appearance on July 5, 2023. (Docket ## 168, 169, 170).

**DISCUSSION**

Pursuant to 28 U.S.C. § 1914(a), the filing fee to commence a civil action is $350, along with an additional administrative fee of $52, for a total of $402.  *See* 28 U.S.C. §1914.  A federal court may authorize the commencement of a civil lawsuit without prepayment of these fees in the event that the plaintiff demonstrates indigency.  *See* 28 U.S.C. § 1915.  "The purpose of the statute permitting litigants to proceed *in forma pauperis* is to ensure that indigent persons have equal access to the judicial system."  *Lawrence v. Comm'r of Soc. Sec.*, 2022 WL 1782586, *1 (E.D.N.Y. 2022).  Of course, "proceeding IFP is a privilege, not a right."  *Bey v. Queens Cnty., Supreme Courts*, 2019 WL 11690197, *1 (E.D.N.Y. 2019) (citing *Carolina v. Rubino*, 644 F. App'x 68, 72 (2d Cir. 2016) (summary order).

The plaintiff bears the burden of establishing indigence, which requires a showing that "one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life."  *Lawrence v. Comm'r of Soc. Sec.*, 2022 WL 1782586 at *1 (quoting *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948)).  "The determination of whether an applicant qualifies for IFP status is within the discretion of the district court."  *Id.*

On this record, I find that Rech has failed to demonstrate indigency.  Although he executed an affidavit on February 20, 2023, attesting that he had received no money or income during the previous year and that he had no funds in checking or savings accounts, the government has represented that it returned $91,740.38 to Rech by transferring it into the Guardian account on February 22, 2022, at the direction of Rech's attorney.  Additionally, the record demonstrates that Rech was aware that these seized funds had been returned before he executed the affidavit in this case.  Despite this, Rech does not include or identify these funds in

4

his IFP affidavit, much less explain why the Court should determine he is indigent despite the return of these funds.[3]  Indeed, Judge Siragusa observed that Rech could use the funds to retain counsel.  Moreover, two days ago, new counsel entered a notice of appearance in Rech's criminal case and represented that he had been retained by Rech.  (21-CR-6080CJS, Docket ## 168, 169).  That Rech was able to hire counsel certainly suggests that he has access to funds that have not been disclosed to the Court in his IFP application.  Accordingly, I recommend[4] that the district court deny Rech's motion for leave to proceed *in forma pauperis*.  *See, e.g., King v. Miller*, 2022 WL 2047757, *1 (S.D.N.Y. 2022) ("[p]laintiff has provided inconsistent financial information to this court and to the Eastern District of New York with respect to cases he filed[;] . . .[i]t would appear that from the settlement that [p]laintiff received before he filed these actions, that he has sufficient assets to pay the . . . filing fees to file this action"); *Whatley v. Astrue*, 2011 WL 5222908, *2 (N.D.N.Y.) ("[p]laintiff's access to court has not been blocked by indigence; rather, he is merely in the position of having to weigh the financial constraints posed if he pursues his action against the merits of his case") (internal quotations and brackets omitted), *report and recommendation adopted by*, 2011 WL 5196716 (N.D.N.Y. 2011).

---

[3]  False or incomplete information in an application for IFP status may result in dismissal of an action.  *See* 28 U.S.C. § 1915(e)(2)(A); *Powell v. Johnson*, 2012 WL 4052261, *1 n.4 (N.D.N.Y.) ("section 1915(e) provides that if at any time the court determines that an allegation of poverty in an IFP application is untrue, it 'shall' dismiss the case[;] . . . [i]n this regard, it is worth noting that while a mere misstatement on an IFP application does not justify dismissal, where the misstatement is so egregious as to rise to the level of fraud or bad faith[,] dismissal will eventuate"), *report and recommendation adopted by*, 2012 WL 4052223 (N.D.N.Y. 2012).  Rech is cautioned that dismissal may be warranted in the event any future applications for IFP status are determined to contain untruthful or incomplete information.

[4]  Generally, motions for IFP status may be considered non-dispositive if granted and dispositive if denied. *See Jackson v. Stack*, 2018 WL 6068176, *3 n.3 (W.D.N.Y. 2018), *report and recommendation adopted by*, 2019 WL 1261176 (W.D.N.Y. 2019).  "The rationale is that a motion to deny (or to revoke) IFP status is the functional equivalent of an involuntary dismissal." *Id.*

## **CONCLUSION**

For the foregoing reasons, I recommend that Rech's motion for leave to proceed *in forma pauperis* **(Docket # 2)** be **DENIED**.

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated: Rochester, New York
         July 7, 2023

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(d) and Local Rule 72(b).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                        *s/Marian W. Payson*
                                        MARIAN W. PAYSON
                                    United States Magistrate Judge

Dated: Rochester, New York
        July 7, 2023